Green, J.
delivered the opinion of the court.
In the first position assumed in the charge of the court,, to wit, “that it is not the duty of a constable to take out an execution,” the court was clearly right. The official obligations of the constables are defined and regulated by law. No law requires them in the discharge of their official duty to take out executions. But in the latter part of the charge the court erred. The jury were told, “that unless the plaintiffs in this case had taken out the execution, or caused it to be done, and placed in the hands of Hardeway, he, Hardeway, would not be liable.” Hardeway, by his contract, had imposed upon himself an obligation beyond that which, by his office, he was bound to perform. In his receipt for the note in question, he undertakes, in the character of an agent for the plaintiffs, to collect the note. As constable merely, he would have nothing to do with the note. It would only be his duty to serve such process as might be put into his hands. But here he receives the note for collection and in effect promises to use all lawful means to collect it. If, therefore, by the use of lawful means he might have collected the note, and by reason of his negligence or fraud, he failed to do so, and the remedy against Chandland was thereby lost, he would be liable to the plaintiffs for the *504 damages sustained by reason of such negligence or fraud.
jn general, a constable’s liability in cases of this kind, must depend upon the circumstances attendant upon his engagement in the business. If a plaintiff himself procure his warrant, file his note with the justice, and attend the trial to see that judgment is properly rendered, it would be manifest in such case, that no duty would devolve upon the constable, other than what the acts of assembly require him to perform. But the notorious practice of the country is, for constables to receive notes, or other evidence of claims, and attend to, and perform the whole business of their collection, as well in the character of agent for the plaintiffs as in that of officer of the law. If, therefore, a constable receive a note for collection, without any express undertaking, it will be. implied that he undertakes to perform the issuance of the warrant, and of the execution, as a means by which to collect the money; for his promise either express or implied, to collect the money due on a note he receives, necessarily requires the performance of these acts in order to that end. And if, through his negligence, the money is not collected from the debtor, he will, for that negligence, be liable for the loss.
The judgment in this case will be reversed, and the cause be remanded to the circuit court of Shelby county, for another trial to be had therein, upon the principles of law laid down in this opinion.
Judgment reversed.